ISRAEL DAVIDOFF, Appellant, v. WALTER J. FLYNN, Sheriff of the County of Sullivan, and STEPHEN TROWBRIDGE and Another, Trading as S. TROWBRIDGE & SON, Respondents.— Plaintiff was the owner of some articles of second-hand furniture. The defendants wrongfully sold them. The trial court awarded plaintiff damages in the sum of $208. Plaintiff has appealed, contending that the amount awarded is inadequate. The proof as to value is meager and unsatisfactory. There is evidence, however, showing that the furniture in question was worth $390. The judgment is modified by increasing plaintiff's damages from $208 to $390.50, and as so modified affirmed, with costs. The court hereby reverses finding of fact numbered one contained in the decision and finds in place thereof that the furniture sold had a value of $390.50. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ., concur.

KINGS COUNTY LIGHTING COMPANY, Petitioner, for a Certiorari Order against MILO R. MALTBIE and Others, Constituting the Public Service Commission of the State of New York, and the PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK, Defendants.— Upon reading and filing the stipulation of the parties dated January 21, 1936, the order of this court entered herein on June 11, 1935, is amended by vacating so much of said order as annulled the orders of the Public Service Commission dated May 22, 1934, and July 10, 1934, and said order of June 11, 1935, is confirmed in all other respects and this proceeding is remitted to the Public Service Commission to proceed in accordance with the opinion of the Court of Appeals in *Bronx Gas & Electric Co.* v. *Maltbie* (268 N. Y. 278), decided July 11, 1935. Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.; concur. (See 244 App. Div. 475.)

BESSIE GOLDSTEIN, Appellant, v. JOSEPH GRUNIN and Others, Respondents.— Appeal by plaintiff from a judgment of the Supreme Court, entered in Sullivan county upon a decision rendered by the court after a trial without a jury, which said judgment declared null and void for usury the bond and mortgage for which this action for foreclosure was brought. The mortgage sought to be foreclosed was for $8,500. Defendant claims that it is usurious; that it was made up of the amounts of two former mortgages which were merged and canceled upon the giving of the one in question, and that the consideration for this mortgage was the amount due on the said two prior mortgages plus an additional amount loaned by plaintiff to the defendant at the time of the making of the present mortgage. Defendant says that at the time of making each loan usury was exacted; that the prior mortgages and the present mortgage are usurious, and that an agreement between the parties for the extension of the time of payment of the present mortgage was also usurious; that in each instance the plaintiff exacted a bonus of twenty per cent. Plaintiff claims that the findings of the court below as to usury are against the weight of evidence and unsupported by the evidence. Judgment unanimously affirmed, with costs. Present — Hill, P. J., Rhodes, McNamee, Bliss and Heffernan, JJ.